United States District Court
Southern District of Texas
FILED

DEC 11 2017

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. **M-17-1917** |
| GEORGE LOUIS MORENO | § | |

## CRIMINAL INFORMATION

**THE ACTING UNITED STATES ATTORNEY CHARGES:**

At all times material to this Criminal Information:

### THE TEXAS MEDICAID PROGRAM

1.      The Texas Medical Assistance Program also known as the Texas Medicaid program was implemented under the provisions of Title XIX of the federal Social Security Act and Chapter 32 of the Texas Human Resources Code, for the purpose of providing joint state and federal funds to pay for medical benefits items or medical services furnished to individuals of low income who were qualified and enrolled as Texas Medicaid recipients.  Texas Medicaid was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

2.      Texas Medicaid funds were intended to pay for covered medical services furnished to Texas Medicaid recipients, by enrolled Texas Medicaid providers, when such medical services were furnished in accordance with all of the rules, regulations, and laws which governed Texas Medicaid.  Covered Texas Medicaid services included medical services and procedures furnished by physicians and other health care professionals in their offices; as well as certain products, supplies, and services used outside a physician's office such as diabetic and incontinent supplies, which were commonly known as Durable Medical Equipment ("DME").

1

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD
### (18 U.S.C. §§ 1347, 1349)

3.    GEORGE LOUIS MORENO was the operator of a durable medical equipment company called MARS DME, located within the McAllen Division of the Southern District of Texas.

4.    From in or about August 2008 to in or about January 2016, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

### GEORGE LOUIS MORENO

did conspire and agree with other persons, known and unknown, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, to execute a scheme and artifice to defraud the health care benefit program known as Texas Medicaid, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the control of said health care benefit program in connection with the delivery of or payment for health care benefits, items, and medical services.

### OBJECT OF CONSPIRACY

5.    The object and purpose of the conspiracy and scheme was for GEORGE LOUIS MORENO to unlawfully enrich himself and others by submitting or causing others to submit false and fraudulent claims to Texas Medicaid.

### MANNER AND MEANS

6.    In order to execute and carry out the illegal activities, GEORGE LOUIS MORENO conspired with others, known and unknown, and committed, aided and abetted the commission, or otherwise caused others to commit, one or more of the following acts:

2

(a)    The Defendant submitted or caused others to submit false or fraudulent claims to Texas Medicaid for reimbursement of incontinence supplies that were not provided to beneficiaries.

(b)    The Defendant submitted or caused others to submit false or fraudulent claims to Texas Medicaid for reimbursement of incontinence supplies that were only partially delivered to beneficiaries.

(c)    The Defendant submitted or caused others to submit false or fraudulent claims to Texas Medicaid for reimbursement of higher-reimbursing incontinence supplies when lower-reimbursing supplies were actually delivered to beneficiaries.

(d)    Defendant made, or caused others to make, cash payments to beneficiaries in lieu of delivering incontinence supplies.

(e)    In connection with the false and fraudulent claims, caused Texas Medicaid to make overpayments to MARS DME totaling approximately $1,564,118.68.

All in violation of Title 18, United States Code, Sections 1347 and 1349.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the criminal offense charged in Count 1 of this Indictment, the United States of America gives the defendant,

### GEORGE LOUIS MORENO

Notice that upon his conviction of a health care fraud offense, all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

### Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, which is in the amount of at $1,564,118.68.

### Substitute Assets

The defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant,

3

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of

the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p),

incorporated by reference in Title 18, United States Code, Section 982(b)(1).

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY


ANDREW R. SWARTZ
ASSISTANT UNITED STATES ATTORNEY